UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ MUJEED AL-SHARA,

    Plaintiff,

v.

THE UNITED STATES GOVERNMENT,
*et al.*,

    Defendants.
_____/

Case No. 25-11923

Hon. F. Kay Behm

**ORDER GRANTING APPLICATION TO PROCEED**
**<u>*IN FORMA PAUPERIS*</u> AND DISMISSING COMPLAINT**

On June 24, 2025, Plaintiff Mutaz Mujeed Al-Shara filed an application to proceed *in forma pauperis* and a complaint against the United States Government and Corinne Niosi, Brian M. Boynton, Matthew Lewis, and Patricia McCarthy, who are alleged to be attorneys representing the government. The court finds Plaintiff's application to proceed *in forma pauperis* to be facially sufficient and, therefore, grants Plaintiff's motion to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a); *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262 (6th Cir. 1990).

Once a court grants a plaintiff permission to proceed *in forma pauperis*, it must review the complaint pursuant to 28 U.S.C. § 1915(e). The court "shall dismiss" the case if the court finds that it is "(i) frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, "a district court may, at any time, dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id.* at 570. *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Although pro se complaints are liberally

construed and held to a less stringent standard than those drafted by attorneys, pro se litigants must nonetheless comply with the basic pleading requirements of Rule 8. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff alleges that he has been "subjected to a sustained campaign of harassment, surveillance, and institutional abuse by unknown female offenders who have impersonated federal personnel, healthcare providers, and private sector employees." ECF No. 1 at PageID.1. He asserts that his phone calls and emails to 911 and private businesses have been intercepted by persons posing as federal authorities; he has been surveilled in public; his phone contacts have been read aloud by the IRS; he has "repeatedly and wrongfully been committed to mental institutions for extended periods"; he has been "subject to lethal cyberattacks, human trafficking and unlawful deaths, with no forensic analysis or accountability"; he has been harassed by "Chinese civilian spies" at his residence; his reports to police or security have been denied; and his reports to federal officials regarding espionage, harassment, and national security threats have been ignored. ECF No. 1 at PageID.2-4.

Plaintiff alleges various grounds for relief, including violations of the Fourth, Fifth, and Fourteenth Amendments to the United States

Constitution, Title VII of the Civil Rights Act of 1964, the Privacy Act, and the Federal Tort Claims Act. However, Plaintiff has failed to state a claim upon which relief may be granted. His complaint contains vague and implausible allegations that do not explain how the named defendants engaged in wrongdoing, violated the listed statutes or Constitution, or are otherwise responsible for the events or incidents about which he complains. A complaint must allege facts establishing that the plaintiff is entitled to relief, which requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Here, Plaintiff has presented "naked assertions devoid of further factual enhancement," which is insufficient. *Id.* (cleaned up; citation omitted). Further, the allegations in the complaint lack facial plausibility and must be dismissed for that reason as well.

Accordingly, it is **ORDERED** that Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated: July 8, 2025                                s/F. Kay Behm
                                                   F. Kay Behm
                                                   United States District Judge