UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ MUJEED AL-SHARA,

    Plaintiff,

v.

THE UNITED STATES GOVERNMENT,
*et al.*,

    Defendants.
_____/

Case No. 25-11923

Hon. F. Kay Behm

**ORDER DENYING MOTIONS TO AMEND
AND FOR RECONSIDERATION**

After granting Plaintiff's application to proceed *in forma pauperis*, the court screened the complaint pursuant to 28 U.S.C. § 1915(e). The court determined that the complaint was subject to summary dismissal for various reasons, including that the allegations lacked facial plausibility. ECF No. 5. Plaintiff seeks reconsideration of this decision, as well as the opportunity to amend his complaint to add Verizon Wireless and Apple as defendants. With respect to Verizon, Plaintiff alleges that he is a "victim of alleged cyberattacks that I believe to be State-sponsored," and that Verizon "may have a role in the unauthorized interception and monitoring of my communications." ECF No. 7. Plaintiff also complains about a "ban imposed on my iMessage and FaceTime services by Apple Inc." *Id.*

The court need not grant leave to amend where the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss. *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005) (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)). A complaint may be dismissed under Rule 12(b)(6) when the plaintiff fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). In addition, the court may "dismiss *sua sponte* a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law or fact if it contains factual allegations that are 'fantastic or delusional' or if it is based on legal theories that are indisputably meritless." *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000) (quoting *Neitzke*, 490 U.S. at 327-28).

Like the allegations in his complaint, the allegations in Plaintiff's motion to amend are in the realm of "fantastic or delusional," are

indisputably meritless, or are incomprehensible. *See* ECF No. 7 at PageID.20.

Therefore, it is **ORDERED** that Plaintiff's motions to amend and for reconsideration (ECF Nos. 7, 8) are **DENIED.**

**SO ORDERED.**


Dated: July 29, 2025                                s/F. Kay Behm
                                                    F. Kay Behm
                                                    United States District Judge