UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ MUJEED AL-SHARA,

    Plaintiff,

v.

THE UNITED STATES GOVERNMENT,
*et al.*,

    Defendants.
_____/

Case No. 25-11923

Hon. F. Kay Behm

**ORDER CONSTRUING MOTION TO
TRANSFER AS A NOTICE OF APPEAL**

On July 8, 2025, the court granted Plaintiff's application to proceed *in forma pauperis* and dismissed his complaint. Subsequently, the court also denied Plaintiff's motions to amend and for reconsideration. On August 7, 2025, Plaintiff filed a motion to transfer this case to the Court of Appeals for the Sixth Circuit. ECF No. 10.

The substance of Plaintiff's motion makes clear that it should be construed as a notice of appeal. As the Supreme Court has recently recognized, "the purpose of pleading is to facilitate a proper decision on the merits. Accordingly, 'imperfections in noticing an appeal should not be fatal where no genuine doubt exists about who is appealing, from what judgment, to which appellate court.'" *Parrish v. United States*, 145 S. Ct.

1664, 1670-71 (2025) (cleaned up; citation omitted). Pursuant to Federal Rule of Appellate Procedure 3, a notice of appeal must specify the party appealing, designate the order or judgment from which the appeal is taken, and name the court to which the appeal is taken. Fed. R. App. P. 3(c)(1). However, the rule does not elevate form over substance: "An appeal must not be dismissed for informality of form or title of the notice of appeal, for failure to name a party whose intent to appeal is otherwise clear from the notice, or for failure to properly designate the judgment if the notice of appeal was filed after entry of the judgment and designates an order that merged into that judgment." Fed. R. App. P. 3(c)(7); *see also Smith v. Barry*, 502 U.S. 244, 248 (1992) ("Courts will liberally construe the requirements of Rule 3.").

  Here, Plaintiff's motion to transfer indicates that he is appealing this court's dismissal of his complaint to the Sixth Circuit. ECF No. 10. Although styled as a motion, it is in substance a notice of appeal that complies with the requirements of Rule 3(c)(1). "If a document filed within the time specified by Rule 4 gives the notice required by Rule 3, it is effective as a notice of appeal." *Smith*, 502 U.S. at 248-49.

  Therefore, it is **ORDERED** that Plaintiff's motion to transfer (ECF No. 10) shall be construed and treated by the Clerk of the Court as a notice of

appeal, and it shall be designated as a "notice of appeal" on the electronic docket.

To the extent Plaintiff seeks permission to proceed *in forma pauperis* on appeal, the court finds that the appeal would not be taken in good faith because the issues raised are frivolous or not arguable on the merits, for the reasons stated in its orders at ECF Nos. 5 and 9. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002).

**SO ORDERED.**

Dated: August 12, 2025              s/F. Kay Behm
                                    F. Kay Behm
                                    United States District Judge